WO NA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pedro A. Rojas, Jr., <br><br>   Plaintiff, <br><br> v. <br><br> Corizon Health Care Incorporated, et al., <br><br>   Defendants. | No.  CV 19-04848-PHX-JAT (JZB) <br><br> **ORDER** |

Plaintiff Hermelinda Prado[1] brought this civil rights case pursuant to 42 U.S.C. § 1983.  Before the Court is Defendant Corizon's Motion to Dismiss (Doc. 24), which Plaintiff opposes (Doc. 25).

The Court will deny the Motion to Dismiss.

**I.   Background**

In the First Amended Complaint, Plaintiff asserts claims for denial of constitutionally adequate medical care in violation of the Eighth Amendment, negligence, and wrongful death. (Doc. 16.)  Plaintiff alleges that Rojas was denied constitutionally adequate medical care for his digestive issues, rectal bleeding, weight loss, and colon cancer and that he died as a result.

. . . .

---

[1] Hermelinda Prado is the personal representative of the estate of Pedro A. Rojas, Jr., who originally filed this action through counsel while in the custody of the Arizona Department of Corrections.  On August 9, 2019, Rojas's counsel filed a Suggestion of Death of Plaintiff.  (Doc. 5.)  In a December 11, 2019 Order, the Court substituted Hermelinda Prado for Pedro Rojas, Jr., as Plaintiff.  (Doc. 14.)

On screening under 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated Eighth Amendment medical care claims and state law negligence and wrongful death claims against Defendants Haleem, Corizon, The GEO Group, and Wellpath and directed these Defendants to answer. The Court dismissed the remaining Defendants. (Doc. 23.)

Defendant Corizon moves to dismiss on the ground Plaintiff has failed to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

**II.  Discussion**

A Rule 12(b)(6) motion "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In deciding a Rule 12(b)(6) motion, the court takes all allegations of material fact as true and construes them in the light most favorable to the nonmoving party. *Marcus v. Holder*, 574 F.3d 1182, 1184 (9th Cir. 2009). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256 (1994) (quotation omitted). Where the plaintiff is a pro se prisoner, the court must "construe the pleadings liberally and [] afford the petitioner the benefit of any doubt." *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010).

A Rule 12(b)(6) motion to dismiss is almost never an appropriate response when the Court has already screened a prisoner complaint pursuant to 28 U.S.C. § 1915A(b) and directed the defendants to respond. The standard for dismissal under Rule 12(b)(6) is identical to the standard under 28 U.S.C. § 1915A(b) ("fail[ure] to state a claim upon which relief may be granted"). After the Court has screened a prisoner complaint pursuant to § 1915A(b), a Rule 12(b)(6) motion to dismiss should be granted only if the defendants can convince the Court that reconsideration is appropriate. Reconsideration is appropriate only if the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

As mentioned above, the Court screened the First Amended Complaint and determined that Plaintiff's allegations sufficiently stated claims for relief against Defendants, including Defendant Corizon. (Doc. 23.) Defendants present nothing that warrants reconsideration of the Screening Order. *See School Dist. No. 1J*, 5 F.3d at 1263; Fed. R. Civ. P. 12(d); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (explaining that the "simplified notice pleading standard" of Federal Rule of Civil Procedure 8(a)(2) relies on "liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."). Accordingly, dismissal under Rule 12(b)(6) is not appropriate, and the Court will deny Defendant Corizon's Motion to Dismiss.

**IT IS ORDERED:**

(1)   The reference to the Magistrate Judge is **withdrawn** as to Defendant Corizon's Motion to Dismiss (Doc. 24).

(2)   Defendant Corizon's Motion to Dismiss (Doc. 24) is **denied**.

(3)   All other pre-trial matters must remain with the Magistrate Judge.

Dated this 22nd day of July, 2020.

James A. Teilborg
Senior United States District Judge