WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hermelinda Prado as Personal Representative of the Estate of Pedro A. Rojas, Jr.,<br><br>Plaintiff,<br><br>v.<br><br>Corizon Health, Inc., et al.,<br><br>Defendants. | No. CV 19-04848-PHX-JAT (JZB)<br><br>**ORDER** |

Plaintiff Hermelinda Prado, the personal representative of the estate of Pedro Rojas, Jr., who died while in custody of the Arizona Department of Corrections ("ADC"), brought this action under state law and 42 U.S.C. § 1983 against Corizon Health Care, Inc. ("Corizon"); Dr. Muhammed Haleem; Wellpath, LLC; and The GEO Group, Inc ("the Wellpath Defendants"). (Docs. 14, 16.)[1] Before the Court are Corizon's Motion for Summary Judgment and Motion for Judgment on the Pleadings (Docs. 61, 68).

**I.   Background**

Plaintiff's claims arose while Rojas was confined in ADC custody. (Doc. 16 ¶ 20.) Plaintiff alleged that after Rojas sought medical care for digestive system issues, including rectal bleeding, Defendants treated him for hemorrhoids and an infection; however, they

---

[1] Pedro A. Rojas, Jr., initiated this action in Maricopa County Superior Court, and Defendants removed the action to federal court. (Doc. 1, Maricopa County Superior Court No. CV 2019-006526.)  After Rojas' death in August 2019, Hermelinda Prado was substituted as Plaintiff. (Doc. 14.)

did not assess, examine, or diagnose Rojas properly, and they refused to send Rojas to a specialist or hospital for proper assessment and examination. (*Id.* ¶ 21.) Rojas' condition deteriorated, and, when he was finally admitted to a hospital in April 2017, he was diagnosed with colon cancer. (*Id.* ¶¶ 21–23.) The cancer metastasized to his lungs, and, in June 2019, Rojas died of cancer. (*Id.* ¶¶ 30–31.)

In Count One of the Amended Complaint, Plaintiff asserted a claim for negligence and wrongful death against Dr. Haleem, Corizon, GEO Group, and Wellpath. (*Id.* ¶¶ 31–41). In Count Two, Plaintiff asserted an Eighth Amendment medical care claim against Dr. Haleem, Corizon, GEO Group, and Wellpath. (*Id.* ¶¶ 42–67.)

Corizon moves for summary judgment as to the claims against it on the grounds that (1) Plaintiff has not produced standard-of-care-expert-witness testimony to support her negligence claim; (2) Plaintiff cannot establish causation to support a negligence claim against Corizon; and (3) Plaintiff cannot demonstrate deliberate indifference by Corizon. (Doc. 61.)

Plaintiff did not file a response to Corizon's Motion for Summary Judgment. Corizon then filed a Motion for Judgment on the Pleadings, that is effectively a motion for summary disposition of the unopposed Motion for Summary Judgment. (Doc. 68.)

## II. Pending Motions

In advance of the settlement conference held on April 27, 2022, Corizon jointly moved to have expedited consideration of its Motion for Summary Judgment. Corizon hoped to have a ruling in time to not participate in the settlement conference. The Wellpath Defendants opposed this motion for expedited ruling advising the Court that Plaintiff and Corizon had secretly entered into a settlement agreement thereby making Corizon's pending Motion for Summary Judgment not a real controversy before the Court. Further, the Wellpath Defendants indicated that to avoid Plaintiff arguing at trial that no portion of comparative fault could be attributed to Corizon based on the Court's ruling on summary judgment, the Wellpath Defendants wished to oppose the Motion for Summary Judgment themselves.

Corizon replied and made three arguments: 1) the Wellpath Defendants themselves (if not their new counsel) have known of this settlement for some time and failed to timely raise this issue; 2) the Wellpath Defendants cite no law that the agreement between Plaintiff and Corizon is improper; and 3) that a request for summary disposition of a motion for summary judgment is appropriate if the motion is unopposed (Corizon cites only state law that is not directly on point for this third argument). (Doc. 78)

### A. Summary Disposition

Turning to the third argument in the reply (Doc. 78), Corizon fails to cite directly contrary controlling Ninth Circuit precedent. Specifically, a party's failure to respond to a summary judgment motion is not a basis for a court to summarily grant the motion. *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013) (Federal Rule of Civil Procedure 56 does not permit a court to grant summary judgment by default). If a summary judgment motion is unopposed, Federal Rule of Civil Procedure 56, which governs summary judgment, "authorizes the court to consider a fact as undisputed," but it does not permit the court to grant summary judgment by default. *Id.* And a court may only consider a movant's asserted fact if it is properly supported as required under Rule 56, regardless of whether the nonmovant responds or disputes the asserted fact. Indeed, if the movant fails to meet its initial burden of production, the opposing party need not respond or produce anything. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Co., Inc.*, 210 F.3d 1099, 1102–03 (9th Cir. 2000).

For these reasons, the motion for summary disposition (captioned as a motion for judgment on the pleadings) is denied.

### B. Summary Judgment Motion

In its second argument in the reply, Corizon argues that counsel for the Wellpath Defendants fails to offer any citation to support its argument that failing to disclose a secret settlement to the Court is improper. Attorneys are bound by their ethical obligations even if opposing counsel does not provide citations to those duties. Nonetheless, the Court will provide the citation: *In re Alcorn*, 41 P.3d 600, 614 ¶51 (Ariz. 2002) (suspending counsel

1  from the practice of law for six months due to the failure to disclose a secret settlement to
2  the trial court).
3        In *Alcorn* the Arizona Supreme Court was very clear: "We hold today, as strongly
4  as possible, that any agreement that has the *potential* of affecting the manner in which a
5  case is tried is one that may encourage wrongdoing and must therefore be disclosed to the
6  trial judge and all litigants in the case. Thus, Respondents did have a duty to disclose." *Id.*
7  at 608 ¶28. The Court further stated,

> The judge is not just a casual observer of the passing scene but has important responsibilities in an adversarial system. While the judge is not a party as are litigants who produce evidence or argue the case, he or she is more than a referee presiding in a merely formal or ritualistic role. In an adversarial system, the judge is responsible for ensuring that justice is accomplished according to the substantive rules and procedural mechanisms established by law. Those procedural rules do not contemplate hoodwinking judges…. While some things must be excluded from jurors' consideration to focus their attention on matters legally relevant, the rules do not contemplate hiding the true nature of the proceeding from the judge. Nor do they permit lawyers to remain silent when it is evident that the judge has been misled about what is occurring in his own courtroom.

*Id*. at 608 ¶27.

      Finally, there is some indication that the settlement between Corizon and Plaintiff was not yet fully consummated because it was dependent on this Court granting Corizon's "unopposed" motion for summary judgment. However, the *Alcorn* Court rejected this concept as a basis to not disclose to the Court. Specifically, the *Alcorn* Court stated,

> The agreement is, on its face, collusive. Any agreement by which one purported opponent must allow another to conduct a supposedly adversarial trial in any manner it wants is inherently collusive. If the adversary system means anything, it means that opposing parties will adopt a self-serving strategy…. the agreement was inherently collusive because it committed Respondents to further a scheme to use a seemingly adversarial trial for an improper purpose.

*Id*. 608-09 ¶30. Accordingly, even if the settlement in this case was not complete, counsel still had a duty to disclose it because in was inherently collusive. It was collusive because it allowed Corizon to attempt to get a Court order under misleading circumstances, which is using the Court's authority for an improper purpose.

Thus, Wellpath's counsel's lack of citation is irrelevant to this Court's conclusion that Corizon and Plaintiff's failure to disclose this secret settlement was inappropriate and operated to use this Court's record for an improper purpose.

Further the failure to disclose violated Local Rule Civil 40.2(d), which requires "When … any motion is pending before a District Judge or Magistrate Judge and is voluntarily resolved by the parties or their counsel, it shall be the duty of counsel to inform the Clerk and the chambers of each such District Judge or Magistrate Judge immediately." Here, Plaintiff failed to respond to the pending motion for summary judgment in December 2021. Corizon moved for summary disposition in January 2022. Seemingly by the time of these two occurrences, these parties knew of their settlement. Yet no one advised the Court until counsel for the Wellpath Defendants did so in April 2022.

Thus, for all of the foregoing reasons the Court will not "rule" on the pending motion for summary judgment. The Court finds that the parties' secret settlement in which Plaintiff agreed not to oppose the motion removed this motion from the adversarial system; therefore, any ruling by this Court would be improper. Accordingly, the motion will be denied. Further, because the dispositive motion deadline has expired, the Court will not consider another round of dispositive motions. Thus, Plaintiff and Corizon may either settle in the traditional-disclosed-on-the-record way or proceed to trial.

Because the Court will not consider the merits of the motion for summary judgment, the Court need not address the Wellpath Defendants' request to respond to it. The Court also need not address Corizon's arguments regarding when the Wellpath Defendants had notice of the settlement.

**III. Candor to the Tribunal (E.R. 3.3)**

Local Rule Civil 83.2(e) requires attorneys practicing before this Court to adhere to the Rules of Professional Conduct in the Rules of the Supreme Court for the State of Arizona. The Court has serious concerns that the behavior of counsel in this case has not complied with these Rules. However, the Court recognizes that the motion for expedited

ruling in which this issue was disclosed did not require full briefing, factually or legally, on this issue.

So that the Court will know whether or not to report this matter to the State Bar of Arizona ("Bar"), within 15 days of judgment being entered in this case, each of the following lawyers shall file a declaration stating whether he or she has or has not reported this matter to the Bar: James Grant Walker, Lisa Ann Kimmel, Anngelica N Davis, Mandi Jean Karvis, Ashlee B Hesman, Daniel Patrick Struck, and Kristina R Rood (any referral must include a copy of this Order). If by this time this issue has been referred to the Bar, this Court will take no further action because the Bar will perform its own investigation and take whatever action, if any, it deems appropriate. If this issue has not been referred to the Bar, within 30 days of judgment in this case, the same lawyers listed above must each file an affidavit explaining to the Court all terms and timing of the settlement agreement that in any way involved: 1) the Court: 2) the Court record; 3) notice to the Court (or lack thereof); and, 4) any orders or actions of the Court. (The financial terms of any settlement need not be disclosed.). These affidavits shall not be sealed. The Court will review the affidavits and determine whether to refer this matter to the Bar at that time.

**IV.  Conclusion**

Because all pending motions have been denied and all pre-trial deadlines have expired, the Court will set this matter for trial. This Court will set due dates for the joint proposed final pretrial order and related trial documents and motions in limine by separate order. Accordingly,

**IT IS ORDERED** that the reference to Magistrate Judge Boyle is withdrawn as to this entire case.

**IT IS FURTHER ORDERED** that the motion for summary disposition (captioned as a motion for judgment on the pleadings) (Doc. 68) and the motion for summary judgment (Doc. 61) are denied.

**IT IS FURTHER ORDERED** that all counsel shall confer among themselves and with their respective witnesses and by May 17, 2022, file a joint notice that proposes at

least two dates between November 1, 2022 and March 21, 2023 on which they will be available to begin trial in this case; this joint notice must also include an estimated length of trial.

**IT IS FURTHER ORDERED** that within 15 and 30 days of judgment, each counsel shall file the information required above regarding candor to the Court.

**IT IS FINALLY ORDERED** that because any Bar referral may include prior counsel on this case, the Clerk of the Court shall send a copy of this Order to all terminated counsel on this case.

Dated this 6th day of May, 2022.

_____
James A. Teilborg
Senior United States District Judge