1    WO

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9    Hermelinda      Prado,     as     Personal          No. CV-19-04848-PHX-JAT
     Representative of the Estate of Pedro A.
10   Rojas, Jr,                                           **ORDER**

11                        Plaintiff,

12   v.

13   Corizon Health Care Incorporated, et al.,

14                        Defendants.

15

16        Pending before this Court is a stipulation (Doc. 87) and a "motion for relief" (Doc.

17   95).[1]

18   **Stipulation**

19        Turning first to the stipulation, the stipulation asks this Court to: "dismiss[] with

20   prejudice Defendant The GEO Group, Inc. with each party to bear their own attorneys'

21   fees and costs…[and] dismiss[] Plaintiff's Fourteenth Amendment claims against

22   Defendants Wellpath and Haleem with each party to bear their own attorneys' fees and

23   costs." (Doc. 87-1).  The first part of this request the Court interprets as a settlement of all

24   claims against Defendant The GEO Group, Inc.

25        The second part of this request is more confusing.  The amended complaint contains

26   two causes of action: count one is a state law negligence-wrongful death claim (Doc. 16 at

27   6); and count two is a 42 U.S.C. § 1983 Federal Civil Rights claim (Doc. 16 at 9).  Under

28

     ───────────────
     [1]  Various other matters are also pending that will be addressed by separate order.

the heading of count two, at paragraph 43, the amended complaint states, "The Eighth Amendment to the United States Constitution prohibits the infliction of cruel and unusual punishment." (Doc. 16 at 9). Still under the heading of count two, paragraph 44 states, "The Fourteenth Amendment protects familial and associational relationships from interference without due process of law." (*Id*.). Plaintiff never specifies thereafter whether the single federal claim in this case arises under the Eighth Amendment, the Fourteenth Amendment or some combination of the two.

The screening order pursuant to 28 U.S.C. § 1915A(a) states, "In Count Two, Plaintiff asserts an Eighth Amendment medical care claim and alleges Rojas was suffering from 'chronic and acute malnutrition and chronic and acute ulcerative colitis.'" (Doc. 23 at 5). The screening order never mentions the Fourteenth Amendment. Plaintiff did not move to reconsider or correct the screening order to argue there was a Fourteenth Amendment claim.

In its summary judgment motion, Defendant Corizon moved for summary judgment on Plaintiff's Eighth Amendment claim. (Doc. 61 at 9). The motion never mentions the Fourteenth Amendment, nor does the motion purport to be a motion for "partial" summary judgment.

Now, the Court has been presented with a stipulation to dismiss the Fourteenth Amendment claim against all remaining Defendants except Corizon. Once granted, such a stipulation would imply that a Fourteenth Amendment claim is still "alive" against Corizon, yet the Fourteenth Amendment is not mentioned in the parties' proposed jury instructions (Doc. 93) or joint proposed final pretrial order (Doc. 94).

The Court will grant the stipulation and dismiss the "Fourteenth Amendment" claims against Defendants Wellpath and Haleem (and by its complete dismissal, Defendant The GEO Group also). However, for the reasons stated above, the Court makes clear that neither party can interpret the Court's signing of the stipulation to mean that the Court "accepts" or "agrees" with either parties' version of the claims proceeding to trial. The Court will take that up during the settling of jury instructions.

**Motion**

The Motion for Relief effectively asks this Court to reconsider its May 6, 2022 Order, which denied summary judgment to one Defendant (Corizon) on procedural grounds. Specifically, the Court found that the motion was moot because Plaintiff and Corizon had entered into a settlement, unbeknownst to the Court, which was why Plaintiff elected to not oppose Corizon's motion for summary judgment. (Doc. 81). The Wellpath Defendants (Dr. Muhammed Haleem; Wellpath, LLC; and The GEO Group, Inc.) opposed the Court granting summary judgment on the merits to Corizon because of comparative fault issues between the Wellpath Defendants and Corizon. (Doc. 76).

The Motion for Relief purports to be filed pursuant to Federal Rule of Civil Procedure 60(b). (Doc. 95 at 21). However, Rule 60 applies only to *final* orders, judgments or proceedings. *Stewart v. Ryan*, No. CV 10-1110-PHX-MHM, 2010 WL 2991559, at *1 (D. Ariz. July 27, 2010) (citing *Corn v. Guam Coral Co.,* 318 F.2d 622, 629 (9th Cir. 1963) ("'final' judgments, orders or proceedings referred to in the first sentence of [Rule 60(b)] ... are those which terminate the litigation in the district court subject only to the right of appeal")); *Parker v. Arizona*, No. CV-17-00887-PHX-DWL, 2019 WL 2579404, at *2 (D. Ariz. June 24, 2019) (same); *Smith v. Barrow Neurological Inst.*, No. CV 10-01632-PHX-FJM, 2013 WL 221507, at *1 (D. Ariz. Jan. 18, 2013) (same); *CSAA Affinity Ins. Co. v. AmeriGas Propane LP*, No. CV-21-08041-PCT-MTM, 2022 WL 393214, at *4 (D. Ariz. Feb. 9, 2022) (same). Indeed, the first sentence of the legal standard of the filing in this case acknowledged the scope of Rule 60(b), stating: "Rule 60(b)(6) grants federal courts 'broad authority' to vacate **final** judgments provided that the motion is made within a reasonable time." (Doc. 95 at 21) (citation omitted) (emphasis added).

Here, Plaintiff makes no argument that an order denying summary judgment on procedural grounds is a final, appealable order. Thus, Rule 60 does not apply.

The only other avenue for relief, then, is a motion for reconsideration under Local Rule Civil 7.2(g).[2] However, motions for reconsideration are due within 14 days of the

---

[2] This Local Rule does not permit responses to motions for reconsideration unless ordered by the Court. Accordingly, the Court has not waited for a response to this Motion for

order they seek to have the Court reconsider.  L.R. Civ. 7.2(g)(2).  Here, the Order the Plaintiff seeks to have reconsidered was filed May 6, 2022.  The Motion for Relief was filed November 4, 2022, well beyond the 14-day limit.  Accordingly, it is untimely.

Moreover, even if Rule 60 applied, the motion is still untimely.  Specifically, Rule 60 requires that motions be filed within a reasonable time.  Here, in the almost 6 months that have elapsed since the May 6, 2022 Order was filed, this Court set a final pretrial conference for December 14, 2022, the parties filed their motions in limine which will be argued at the final pretrial conference, and the parties filed all of their pretrial documents, including for example the joint proposed final pretrial order and the joint proposed jury instructions.  These documents will control the trial of this case.  The motion for reconsideration, if granted, would require all of these documents to be redone to reflect that summary judgment was granted to one Defendant.  This would certainly cause significant additional work for the remaining parties and by the time that work is redone, virtually no time for the Court to prepare for the final pretrial conference.  Every fact cited in the Motion for Relief existed on the day the Order was filed.  Thus, there is no reason the Motion for Relief could not have been filed at least five months ago.  Accordingly, the Court finds that the Motion for Relief was not filed within a reasonable time applying Rule 60's standards.

Alternatively, even if this Court were to reconsider its May 6, 2022 Order under either Local Rule Civil 7.2(g) or Rule 60(b), nothing in the Motion for Relief provides a basis for reconsideration.  The majority of the motion is spent in a finger pointing battle with opposing counsel about who knew what when.  (Doc. 95 at 3–15).  However, the May 6, 2022 Order makes clear that notice to opposing counsel was not relevant to the Court's conclusions.  (Doc. 81 at 5 ("Because the Court will not consider the merits of the motion for summary judgment, the Court need not address the Wellpath Defendants' request to respond to it.  The Court also need not address Corizon's arguments regarding when the Wellpath Defendants had notice of the settlement.")).  The basis for the entire May 6, 2022 Order was counsel's duty to advise the Court of a settlement.  (*See* Doc. 81).  Thus,

Relief.

counsel's various arguments about when opposing counsel knew about the settlement are not a basis for reconsideration.

Next, counsel appears to argue that either counsel for Plaintiff or counsel for Corizon informed the Court's staff of something about this issue in an off-the-record, ex parte communication.  (Doc. 95 at 11-12).  The Court is intentionally using vague language because the undersigned neither knows what exactly transpired in this call, nor is counsel particularly transparent about what occurred in this call.  Specifically, counsel states, "Counsel for all parties agreed to have a four-way call with Judge Teilborg's Judicial Clerk to discuss Corizon's pending Motions and how to bring the issue to the Court's attention before the settlement conference."  (Doc. 95 at 11).  This sentence appears to allege that the parties intended to call to tell the Court that a motion for summary judgment was pending, and that the parties were seeking a ruling before the settlement conference.  Thus, this sentence is irrelevant to the issue of the Court ever being advised of a secret settlement. This section of the Motion concludes with "when the parties had not heard back from the Court by April 14, 2022, they agreed to submit a Joint Motion for Expedited Ruling putting the issue of the pending Motions before the Court and requesting a ruling before the settlement conference."  (Doc. 95 at 12).  The Court obviously read the request for expedited ruling before issuing the May 6, 2022 Order, which again contained no information about the secret settlement and instead continued to urge the Court, with urgency, to rule on a moot motion.

Thus, the Court finds no basis for reconsideration in the section of the motion specifically dealing with a telephone call to this Court's staff, because even under counsel's version of those events, the staff was not advised of the secret settlement.  Moreover, even if counsel were to present yet another version of the facts, an off-the-record communication with a judge's staff will not cure a misrepresentation or omission in the record.

The Motion for Relief also mentions some version of these events having been communicated off-the-record to the settlement conference judge.  (Doc. 95 at 11).  While it is this Court's understanding that off-the-record communications with the settlement

judge are quite common and appropriate, these communications are not then conveyed to the trial judge.  Thus, whatever counsel's claims about having relayed this information off-the-record to the settlement conference judge, again such a communication will not cure a misrepresentation or omission that is in the record.  Therefore, this argument also does not provide a basis for reconsideration.

The Court's May 6, 2022 Order did not make any factual findings about whether any counsel failed in his or her duty of candor to the Court in reaching the Court's conclusion that the Court would not and should not rule on a motion that was unopposed due to a settlement.  This lack of factual findings was in part because the Court had not had full briefing on the particular issue of candor to the Court and in part because the Court deemed it the province of the State Bar to determine if any ethical rules were violated.  However, the Motion for Relief evinces counsel's failure to grasp the basis for the Court's ruling; thus, the Court will elaborate.

Specifically, the facts as the Court understands them are as follows: Corizon filed a motion for summary judgment; Plaintiff and Corizon reached a "low" settlement in part in exchange for Plaintiff not responding to, and Corizon not withdrawing, Corizon's pending motion for summary judgment; Corizon then aggressively attempted to get a Court ruling on its motion for summary judgment (through telephone calls and filings) to attempt to get out of participation in the settlement conference.

In the Motion for Relief Plaintiff states:

> Plaintiff's counsel believed it was **appropriate for the Court to weigh the evidence and arguments raised in Corizon's Motion for Summary Judgment,** including the fact no party had filed an opposition, and she did not believe that was unethical because she was aware that, in other multi-party medical malpractice matters, parties would reach settlements while motions for summary judgment were pending and allow the Court to rule on those motions because of the potential future non-party at fault claim. **When a Court grants a motion for summary judgment, that makes it less likely for the court to allow the former defendant to be named as a non-party at fault because it means the Court has determined there is not a sufficient claim to proceed to the jury.** *See McDaniel v. Payson Healthcare Mgmt.,* Inc., 253 Ariz. 250, ¶ 34, 512 P.3d 998, 1006 (2022) (denying a request to name a former defendant as a non-party at fault after the trial court granted summary judgment in his favor because "a trial court may only instruct a jury about a nonparty's comparative fault 'if evidence offered at trial is adequate to support the jury finding that the nonparty was

negligent.'"). That was the purpose of making the settlement with Corizon contingent on not withdrawing the Motion for Summary Judgment; so that **the Court would have an opportunity to rule on whether Corizon's liability should be presented to the jury**, and that ruling was relevant whether or not Corizon settled because it was the same core issue that the Court would have to determine if the Non-Corizon parties attempted to name Corizon as a non-party at fault; the core issue was whether there was sufficient evidence against Corizon.

(Doc. 95 at 18-19) (emphasis added).

The bolded language identifies the precise problem. Plaintiff strategically did not oppose a pending motion for summary judgment hoping to receive a ruling against her because it would give her an advantage at trial against other Defendants. But Plaintiff did so without advising the Court that she was not employing this strategy because she genuinely believed no-fault lies with Corizon. Indeed the opposite is true: Plaintiff is so sure fault lies with Corizon she has refused to dismiss them without financial compensation. Instead, Plaintiff hoped to trick the Court into a FINDING that there was no fault on the part of Corizon because Plaintiff elected to not oppose Corizon's version of the facts, which Plaintiff hoped would be binding against her AND the Wellpath Defendants. The Court understood at the time of the May 6, 2022 Order and still understands today why this was a strategic benefit to Plaintiff. The problem is that it was at the expense of telling the Court that it was ruling on a motion that was not "truly" unopposed – it was unopposed because Plaintiff had already agreed to compensation from this Defendant. And Corizon was complicit because it did not care if Plaintiff gained a strategic advantage as to the Wellpath Defendants.

But this is an adversarial court system. Cases before the Court must have standing, ripeness and a lack of mootness for this Court to have jurisdiction. And assessing jurisdiction is a federal judge's first duty in every case. *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003). The Court cannot assess whether a motion is moot, and whether the Court continues to have jurisdiction, if the parties have reached a settlement and fail to advise the Court of this fact. Counsel's stated INTENT of trying to get the Court to "weigh the arguments and evidence" in a secretly moot motion, in this Court's opinion, is no different than *In re Alcorn*, 41 P.3d 600

- 7 -

(Ariz. 2002).  Further, it is belied by Corizon's counsel seeking summary disposition of the motion due to non-opposition.

In sum, the Court is even more persuaded, not less, by the Motion for Relief, that the parties had a duty to tell the Court that they had settled rather than seeking a merits ruling on a moot motion for Plaintiff's strategic benefit against another Defendant.  Further the Court is even more persuaded that Corizon's motion, which Plaintiff still does not intend to oppose, is moot between Corizon and Plaintiff and this Court's ruling on the merits of the motion would be an advisory opinion.  Accordingly, Plaintiff's request that "the Court revise its May 6, 2022 Order to rule on Corizon's Motion for Summary Judgment on the merits rather than concluding it was a sham or moot because of Corizon's settlement" is denied.  If Corizon and Plaintiff decide to go forward with their settlement without the Court's ruling, Plaintiff and the remaining Wellpath Defendants will have to argue the non-party at fault issues at trial.

Finally, regarding reporting to the State Bar, Plaintiff's counsel asks, "that the Court revise its May 6, 2022, Order to revise Section III of the Order entitled 'Candor to the Tribunal (E.R. 3.3)' to conclude that Plaintiff's counsel did not engage in collusive, fraudulent or misleading conduct that would violate E.R. 3.3 or require reporting to the State Bar."  As the Court expressed in May and has expressed again in this Order, the Court is deeply concerned that Plaintiff taking compensation in exchange for Defendant Corizon not withdrawing a motion so Plaintiff can gain a strategic advantage against another Defendant by tricking the Court into believing a motion was still "live" and in need of ruling on the merits runs afoul of the duty of candor to the Court.  Further, in the Motion for Relief, Plaintiff's counsel had advised that this is a common practice on state law claims among the Plaintiff's Bar when dealing with non-party at fault issues.  (Doc. 95 at 19-20) (Counsel "…was aware that, in other multi-party medical malpractice matters, parties would reach settlements while motions for summary judgment were pending and allow the Court to rule on those motions because of the potential future non-party at fault claim." and Counsel "…sought the advice of another medical malpractice Plaintiff's attorney

outside her firm regarding this potential strategy, and that other attorney did not raise any concerns with candor with the tribunal….").  This reality only further convinces the Court that State Bar guidance on the ethics of this practice is warranted.

That said, the Court has not made a finding that a particular ethics rule was violated. The Court is not asking to be the "complainant" in any bar complaint.  The Court is merely directing that the parties must send a copy of this Order, the May 6, 2022 Order and the Motion for Relief to the State Bar of Arizona within 30 days of the conclusion of this litigation for the Bar's independent investigation and determination of whether this practice is in line with the ethical rules.  Because the Court has determined that referral to the Bar is necessary, the portion of the Court's May 6, 2022 order that stated, "IT IS FURTHER ORDERED that within 15 and 30 days of judgment, each counsel shall file the information required above regarding candor to the Court[]" is vacated.  (*See* Doc. 81 at 7).  Counsel must file a notice in this case confirming that these documents were sent to the Bar for its review.

**Conclusion**

**IT IS ORDERED** that the Stipulation is granted (Doc. 87) as follows. 1.  The GEO Group is dismissed from this case with prejudice, with each party to bear its own fees and costs.  Defendant The GEO Group (only) is terminated from this case.  Because other Defendants remain, the Clerk of the Court shall not enter judgment at this time.  2.  Any "Fourteenth Amendment" claims (only) are dismissed against Defendants Wellpath and Haleem (only) consistent with the terms of the stipulation.  Because other claims remain against these two Defendants, they are not terminated from this case, nor shall the Clerk of the Court enter judgment at this time.

**IT IS FURTHER ORDERED** that except as specified above, the Motion for Relief (Doc. 95) is denied.

**IT IS FURTHER ORDERED** that the motion for extension of time to respond to the Motion for Relief (Doc. 99) is denied for the reasons stated in footnote 2.

**IT IS FINALLY ORDERED** that the above referenced documents must be

forwarded to the State Bar of Arizona within 30 days of the conclusion of this litigation, and a notice that the documents have been sent must be filed in the record in this case.

Dated this 17th day of November, 2022.

James A. Teilborg
Senior United States District Judge